Filed 6/16/15  P. v. Davis CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

THE PEOPLE,

    Plaintiff and Respondent,

      v.

JEFFREY SHANE DAVIS,

    Defendant and Appellant.

G050664

(Super. Ct. No. 01WF1445)

O P I N I O N

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Jeffrey Shane Davis on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf. Davis was given 30 days to file written argument on his own behalf. That time has passed, and Davis did not file a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Here, Davis did not file a brief raising any issues.

Davis appeals from the trial court's finding he was ineligible for resentencing pursuant to Penal Code section 1170.126.[1] Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to an issue that might arguably support an appeal. Did the trial court err when it found Davis was ineligible for resentencing because he had been convicted of battery with serious bodily harm?

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and considered the information provided by counsel. We found no arguable issues on appeal. The judgment is affirmed.

FACTS

In November 2001, an information charged Davis with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1), count 1), and battery with serious bodily injury (§ 243, subd. (d), count 2). The information alleged that on counts 1

---

[1] All further statutory references are to the Penal Code.

and 2, Davis inflicted great bodily injury (§ 12022.7), and that the offenses were serious felonies (§ 1192.7, subd. (c)(8)). The information also alleged Davis had two prior convictions or juvenile adjudications of serious or violent felonies (§§ 667, subds. (d), (e)(2), 1170.12, subds. (b), (c)(2)). One prior was for robbery (§ 211) on July 8, 1993, and the other was for extortion (§ 524) on July 8, 1993. As to the prior conviction of robbery, the information also alleged it was a serious felony (§§ 667, subd. (a)(1), 1192.7, subd. (c)). As to both prior convictions, the information alleged Davis was previously convicted of a felony, served a separate prison term for the offense, and committed the current offense during a period of five years subsequent to the conclusion of the term (§ 667.5, subd. (b)).

In November 2007, at a bench trial, the trial court found Davis guilty of count 2 but acquitted him of count 1. The court found the prior conviction allegations to be true. On the prosecutor's motion, the court struck the section 12022.7 great bodily injury enhancements on counts 1 and 2 under section 1385. The court imposed a sentence of 30 years to life. The sentence consisted of 25 years to life for count 2, and a consecutive term of 5 years for the prior conviction pursuant to section 667, subdivision (a)(1), for his prior conviction from July 8, 1993.

In May 2014, Davis filed a petition for recall of sentence pursuant to section 1170.126. Davis asserted his current offense of battery with serious bodily injury (§ 243, subd. (d)), is not an offense enumerated in section 667, subdivision (e)(2)(C)(i-iii), and that his two prior convictions of serious or violent convictions were not enumerated in section 667, subdivision (e)(2)(C)(iv).

In July 2014, the prosecution filed a motion to dismiss the petition on the ground Davis is ineligible for resentencing as a matter of law. In support of its contention, the prosecution cited the injuries suffered by the victim in the underlying third strike case. After Davis punched the victim, he fell and hit his head on the floor sustaining a closed head injury with subarachnoid hemorrhage. The victim was found to

3

have a fractured skull and intracerebral hemorrhage, which was bleeding around the brain. The prosecution also noted the court could only impose the section 667, subdivision (a)(1), prior if the underlying felony, violation of section 243, subdivision (d), was a serious felony.

In July 2014, the trial court held a hearing on the resentencing petition. The court found that Davis was not eligible for relief, and granted the prosecution's motion to dismiss his petition for resentencing.

## DISCUSSION

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issue raised by appellate counsel, has disclosed no reasonably arguable appellate issue.

## DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

4